UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TRINITAS CELLARS, LLC,<br><br>    Defendant. | Case No. 3:21-cv-09006-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

Plaintiff Andres Gomez attempted to access the website of a winery owned by defendant Trinitas Cellars, LLC ("Trinitas"). Gomez is legally blind and alleges that certain aspects of the website are inaccessible to him in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. Trinitas moves to dismiss. Gomez has not pleaded how the aspects of the website he singles out deterred him from full and equal enjoyment of the winery, so he has not stated a claim. The motion is GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

Gomez is "legally blind" and uses screen-reader software ("SRS") to navigate websites. Complaint ("Compl.") [Dkt. No. 1] ¶ 1. Trinitas owned and operated a winery in Napa, California, during the events in question. *Id.* ¶ 2.

Gomez alleges that, in March and August 2021, he visited Trinitas's website as a "prospective customer who wished to access [its] goods and services." *Id.* ¶ 16. Specifically, he wanted to "get information about wines sold at the vineyard" and about wine tasting tours. *Id.* ¶ 17. He alleges that he encountered "accessibility design faults" that prevented him from using an SRS successfully: (1) the images lacked a "text equivalent readable by SRS," (2) the website contained "script elements" not readable by SRS, and (3) the contrast between background and

1  foreground elements was too low. *Id.* ¶ 18. He states that, as a result, he was denied full and
2  equal access to Trinitas and is deterred from visiting the website again. *Id.* ¶¶ 23–24.
3       Gomez filed suit in November 2021 under the ADA and Unruh Act. *See generally id.*
4  Trinitas now moves to dismiss.

## LEGAL STANDARD

### I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

United States District Court
Northern District of California

1  subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also*
2  *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**II.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Trinitas moves to dismiss the ADA claim both for lack of standing (under Rule 12(b)(1))

3

and failure to state a claim (under Rule 12(b)(6)).  *See* Motion to Dismiss ("Mot.") [Dkt. No. 11-1].  It also asks that I decline supplemental jurisdiction over the Unruh Act claim once the ADA claim is dismissed and argues that, in any event, Gomez lacks standing to pursue it.  *See id.*  The reasons that I grant the motion to dismiss bear on both the standing and failure-to-state a claim analysis, so I address them together.  Because I am granting leave to amend, I do not yet determine whether to decline supplemental jurisdiction over the Unruh Act claim; if Gomez eventually succeeds in stating a claim, that question will be assessed.

On its failure-to-state-a-claim argument, Trinitas contends that the complaint does not plead that the "the alleged website accessibility violation impeded him access to the 'goods and services' of the Winery." Mot. 4.  Relatedly, it argues that Gomez failed to plead how the alleged barriers were unlawfully inaccessible.  *Id.* 8–9.  On its standing argument, Trinitas asserts that Gomez has not pleaded any injury-in-fact for roughly the same reasons.  *Id.* 12.  And it argues that he has failed to allege intent to return to the winery (as opposed to the website).

In *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019), the Ninth Circuit addressed how to analyze website-based ADA claims by people with visual impairments.  Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The ADA also makes clear that prohibited discrimination includes "fail[ing] to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals *because of the absence of auxiliary aids and services*." *Robles*, 913 F.3d at 904 (quoting 42 U.S.C § 12182(b)(2)(A)(iii)) (internal quotation marks omitted) (emphasis added).  Consequently, *Robles* held that "the ADA mandates that places of public accommodation . . . provide auxiliary aids and services to make visual materials available to individuals who are blind." *Id.* at 905.  And that requirement applies to the websites (and smartphone applications) of public accommodations.  *See id.*

Applying these principles, *Robles* explained that the ADA claim there was viable because

of a "nexus" between the website and the physical place of accommodation. *See id.* There, for example, "Domino's website and app facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants." *Id.* The court contrasted this situation with a previous case examining a website that was not connected to a physical location. There, the defendant only sold insurance policies online and the court held that no ADA claim could be brought against its website. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1113–14 (9th Cir. 2000).

To the extent that Trinitas's argument is that "[a]llegations that barriers prevented a plaintiff from gaining information (as opposed to impeding the enjoyment of, or access to, a physical location) are not actionable," Mot. 6, I reject it as overbroad. *Robles* made clear that one way in which that website had a nexus to the physical store was that "[c]ustomers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup," a fact it called "critical to our analysis." *Robles*, 913 F.3d at 905. If the website here were inaccessible to Gomez because of a visual impairment and it prevented him from engaging in similar information-gathering with a nexus to the physical location, it may be actionable.

I agree with Trinitas, however, that the Complaint must be dismissed (with leave to amend) on the narrower ground that it fails to adequately plead how the specific barriers deprived Gomez of full and fair enjoyment or denied him equal access to the winery. All that Gomez pleads about the barriers, as recounted above, is that (1) "[i]mages on the website lack a text equivalent readable by SRS," (2) "[t]he website contains script elements that are not identified with functional text readable by SRS," and (3) "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." None of these plausibly show *how* the alleged barriers denied his full and fair enjoyment. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (requiring this as a matter of pleading in ADA cases). It seems possible, for instance, that Gomez was still able to read the webpage with SRS despite its contrast, that the unidentified images were not material, and that the unidentified script elements did not impact the experience of reading the webpage—the pleading is too vague to assess if this is so.

1   This pleading problem also matters to whether the claims are cognizable under *Robles*. As
2   a judge in this district recently explained in applying *Robles*, "a plaintiff who fails to allege any
3   connection between the website barriers and a physical location does not have an ADA claim."
4   *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL
5   148237, at *5 (N.D. Cal. Jan. 15, 2021). Gomez does not allege that these issues impacted
6   accessing the physical location. He has leave to amend to add further allegations.

## CONCLUSION

The motion to dismiss is GRANTED with leave to amend. Any amended complaint shall be filed within 20 days.

**IT IS SO ORDERED.**

Dated: March 9, 2022

William H. Orrick
United States District Judge