CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Adrian M. Slipski, Esq, SBN 325910
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
adrians@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, | ) Case No.: 3:21-cv-9006-WHO |
| Plaintiff, | ) **Plaintiff's Supplemental Brief on Order re:** |
| v. | ) **Defendant's Motion to Dismiss** |
| **Trinitas Cellars, LLC,** a California Limited Liability Company, dba Trinitas Cellars Winery; | ) Hon. William Orrick |
| Defendants | ) |

-1-

## I. Introduction

Plaintiff filed his complaint after visiting Defendant's website, www.trinitascellars.com ("Website"), to find more information about Defendant's winery in order to plan a visit. Plaintiff, who is legally blind and uses Screen Reader Software ("SRS") to access the internet and read internet content, was unable to successfully use the Website because it had several elements that were not compatible with SRS. Defendant filed a Motion to Dismiss ("Motion"), which relied in part on expert testimony stating that the Website is SRS-compatible. Plaintiff's expert testimony refutes this. The Court issued an order, stating its intent to convert the Motion into a Motion for Summary Judgment, and requested briefing from Plaintiff as to whether Defendant's expert evidence deprives Plaintiff of standing, renders the case moot, or defeats the claims on the merits. Defendant's expert evidence does none of these things. Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment.

## II. Plaintiff's Case is Not Moot.

Defendant's expert claims that all aspects of the Website are compatible with SRS. Dec. of Davis, ¶11. However, Plaintiff's expert identified numerous accessibility barriers on Defendant's Website. *See* Dec. of Silverman. And while Plaintiff's expert found fewer violations than Plaintiff initially encountered, this does not render Plaintiff's claim moot.

As noted in Plaintiff's response to the Motion, digital barriers always have a policy component. Websites are constantly changing, and it is up Defendant to ensure the website is maintained in a compliant manner. While some of the barriers addressed in the complaint have since been addressed, that does not render the complaint moot: "The test for mootness…is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted). Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the

practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). A claimed remedy "might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, (2000). The party asserting mootness has "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur." *Id*. One court, presiding over an ADA case, summarized the standard as follows:

> The burden of establishing mootness by voluntary compliance is a heavy one. A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct.

*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (internal cites and quotes omitted for readability).

Here, it appears that Defendant has changed its website. Defendant does not offer any evidence that it will ensure that the website will be compliant moving forward. This does not come even close to carrying Defendants' "formidable burden" to ensure it has a compliant table. As the courts have explained:

> Courts have long recognized a "voluntary cessation exception" to mootness. *Rosemere Neighborhood Ass'n v. U.S. EPA*, 581 F.3d 1169, 1173 (9th Cir.2009). Under this doctrine, when a defendant's voluntary cessation of a challenged activity is the basis for mootness, it becomes the defendant's burden to demonstrate that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). "The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Id*. This is because "otherwise they would simply be free to 'return to (their) old ways' after the threat of a lawsuit had passed." *Armster v. U.S. Dist. Court for Cent. Dist. of California*, 806 F.2d 1347,

1359 (9th Cir.1986) (quoting *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983)).

*Moore v. Dollar Tree Stores Inc.,* 85 F. Supp. 3d 1176, 1187 (E.D. Cal. 2015). Here, Defendant has done absolutely nothing to persuade the Court that it will not fall back on its old ways of not having a website that complies with the ADA.

Under such circumstances, courts have been advised to be skeptical. "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is a probability of resumption." *Santiago v. Miles,* 774 F.Supp. 775, 793 (W.D.N.Y. 1991). As the Ninth Circuit has noted: "Such actions in the face of litigation are equivocal in purpose, motive, and permanence." *Gonzales v. Police Dep't, City of San Jose, Cal.,* 901 F.2d 758, 762 (9th Cir. 1990). The Supreme Court has held that there is actually a "presumption" of future injury when cessation occurs in response to suit. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109 (1998).

In *Lozano v. C.A. Martines Family Ltd. Partnership*, an ADA case, the Court reasoned:

> [T]here is no guarantee that Defendants won't just fail to follow through with their new policy of vigilantly inspecting the accessible parking spaces. Unlike cases where defendants would have to undo structural alterations to violate the ADA or would have to actively implement different policies, here, Defendants could run afoul of the ADA in the future by mere inaction and allowing the paint on the accessible spaces to fade.

*Lozano v. C.A. Martinez Fam. Ltd. P'ship,* 129 F. Supp. 3d 967, 971 (S.D. Cal. 2015). This is especially true of websites, which are constantly retooled by their owners. Without an injunction forcing Defendants to comply, they will be able to let the site become non-compliant again.

In addition, Plaintiff's Unruh claim is unaffected by the removal of the videos. This is because the claim matured as soon as Plaintiff visited the facility and experienced discrimination, and is not affected by the facility's closing. It is well settled that Unruh claims can exist on their own, as is the case when an ADA claim becomes moot.

This claim remains live despite the mootness of Plaintiff's request for an injunction under the ADA "[b]ecause a claim for damages under the Unruh Act looks to past harm," *Arroyo v. Aldabashi*, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018). *See Johnson v. Starbucks Corp.*, No. 16-CV-00724-DMR, 2018 WL 5099283, at *5 (N.D. Cal. Oct. 17, 2018) (deciding the merits of the plaintiff's Unruh Act claim after dismissing his ADA claim).

*Johnson v. Cala Stevens Creek/Monroe, LLC,* 401 F. Supp. 3d 904, 911 (N.D. Cal. 2019).

Here, it appears that Defendant may have addressed some of the violations named in the complaint. However, as noted by Plaintiff's expert, many violations remain. *See* Declaration of Mike Silverman. Furthermore, Defendant is mistaken about violations that need to be addressed. Defendant relies on an expert who claims that color contrast is not relevant here. Dec. of Craig Davis at ¶12. Plaintiff's expert notes that contrast is indeed relevant, and that people using SRS may "first use their vision to understand content, then switch to using SRS due to their eyes becoming fatigued and needing the accommodation of SRS." Dec. of Silverman, ¶7. Considering this, it seems likely that even the parts of Defendant's website that have become accessible since the complaint was filed may revert to a state of inaccessibility at any time. Defendant has shown neither that its Website has become fully accessible, or that it intends to ensure it will remain accessible once it is changed. Thus, Plaintiff's claim is not moot.

### III.   Plaintiff has Standing

The evidence from Defendant's expert does not deprive Plaintiff of standing. The Supreme Court has held that in civil rights cases, especially those where private enforcement suits are the primary method of obtaining compliance, standing must be given a "generous construction" and defined "as broadly as is permitted by Article III of the Constitution." *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 & 212 (1972). The Ninth Circuit has applied this holding to ADA cases: "The Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-1040 (9th Cir. 2008).

In *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021), which Defendant repeatedly misinterprets, the Ninth Circuit looked at a similar complaint and found plaintiff to have standing. In *Tesla*, "Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning. These allegations are sufficient to establish injury-in-fact for purposes of standing." *Id.* at 1179, citing to *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). As in Tesla, Gomez's Complaint in this case alleges sufficient facts to establish standing.

Plaintiff is a legally blind person and an active ADA tester who personally encountered a violation on defendant's website and who has declared that he intends to return to the website but is deterred from returning until it is fully compliant. There can be no doubt that Gomez has met the broad and liberal test for standing in ADA cases. Plaintiff states in his declaration submitted with this brief that he visited the Website on three separate occasions and encountered barriers. (Dec. of Gomez, ¶4-5). Plaintiff visited Defendant's website when he was physically in California, and he planned to visit family in Northern California and wanted to visit a winery. He sought to obtain information about Defendant's winery to plan the visit, but he encountered accessibility barriers on the website. (Gomez Dec. at 6-12). He was unable to plan his visit. Thus, Plaintiff has standing.

Defendant makes one other argument that calls into question the qualifications of the expert that is being used. Defendant's expert has suggested there is an inconsistency in the use of SRS and also benefitting from high contrast. There is not. Disability is not a monolith and visual disabilities are unique to each individual. Mr. Gomez readily admits he possesses some visual acuity. That visual acuity allows him to navigate a website by sight on his smartphone to some degree but does not allow him to read the text. Contrast between text and the background allows him to use the SRS functions to read that text to him. Similarly, it allows him to distinguish images from text and the background. SRS and limited vision work hand in hand. That Defendant's

"expert" has attempted to cast these as mutually exclusive issues calls into question his qualifications.

### IV. Plaintiff Case has not been Defeated on the Merits

Summary judgment is appropriate when, after adequate discovery, the evidence demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A disputed fact is material where its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. Id. A court may consider the pleadings, discovery and disclosure materials, and any affidavits on file. Fed.R.Civ.P. 56(c)(2). Where the moving party's version of events differs from the non-moving party's version, a court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, (2007). "The judge's function is not himself to weigh the evidence and determine the truth of the matter but *to determine whether there is a genuine issue* for trial." *Anderson v. Liberty Lobby, Inc.*, 477 US at 242, 249 (1986) (emphasis added).

Defendant's Motion to Dismiss states that "[t]he deficiencies alleged by Plaintiff do not prevent visually impaired user from accessing the website." (Motion at 3). This is a question of fact. Defendant relies on the testimony of expert witness Craig Davis. Mr. Davis states that, "all aspects of the Trinitas Cellars website that are related to a visitor's access to the goods and services of the winery are fully compatible with SRS." Declaration of Davis, ¶11. This is in direct conflict with Plaintiff's findings. Plaintiff's expert Mike Silverman conducted an audit of the Website on May 30, 2022 and identified 80 accessibility violations. Exhibit 1 to Declaration of Mike Silverman. This creates a clear, genuine issue of material fact.

### V. Conclusion

For the above reasons, Plaintiff's case is not moot; Plaintiff has standing; and Plaintiff's

Case has not been defeated on the merits. Plaintiff respectfully requests that the Court therefore deny Defendant's motion for summary judgment.

Dated: June 2, 2022         CENTER FOR DISABILITY ACCESS

By: _____

Adrian M. Slipski, Esq.

Attorneys for Plaintiff