1   Philip H. Stillman, Cal. Bar No. 152861
    STILLMAN & ASSOCIATES
2   3015 North Bay Road, Suite B
    Miami Beach, Florida 33140
3   Tel. & Fax: (888) 235-4279
    pstillman@stillmanassociates.com
4

5   Attorneys for Defendant TRINITAS
    CELLARS, LLC
6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDRES GOMEZ,                        Case No. 3:21-cv-09006-WHO

12                      Plaintiff,       **SUPPLEMENTAL DECLARATION OF
                                         CRAIG DAVIS IN SUPPORT OF
13            v.                         DEFENDANT'S MOTION TO DISMISS
                                         THE FIRST AMENDED COMPLAINT**
14
    TRINITAS CELLARS, LLC, a
15  California limited liability company;
    and DOES 1 to 10 inclusive,         Date:        June 15, 2022
16                                       Time:        2 p.m
                        Defendant.       Courtroom:   2 – 17th Fl
17                                                    San Francisco Courthouse

18

19

20

21

22

23

24

25

26

27

28

I, Craig Davis, hereby declare:

1.     I am over 18 years of age.  I have personal knowledge of the facts stated herein and if called as witness, I could and would testify competently to them.  I make this Declaration in response to the Declaration of Michael Silverman, submitted by Plaintiff.

2.     As discussed in my earlier Declaration submitted in support of Defendant's Motion to Dismiss, I am a principal of Accessibility Crew, LLC, which does accessibility audits for a variety of organizations including commercial and non-commercial entities.  I have been working as application developer and quality assurance professional for over two decades. I am a member of the International Association of Accessibility Professionals, and I am a Certified Trusted Tester granted by Department of Homeland Security's Office of Accessible Systems & Technology (OAST).  I have extensive experience in auditing and remediating websites for compliance with the Americans with Disabilities Act and WCAG 2.1, having done hundreds of audits of websites. I am therefore well-versed in what the courts require for compliance with the ADA.

3.     Joey Crosslin is a designer, brand specialist, art director and has been working in information technologies, brand management and marketing for over two decades. As a co-founder of Accessible Crew, he identifies Section 508 accessibility compliance issues for web pages and digital documents.

4.     In auditing a client's website, I regularly use various screen reader software ("SRS") such as JAWS, and VoiceOver (for Mac), on websites both on desktops and on smart phones. Additionally, when we audit a website for compliance or in this case, check Mr. Silverman's work, I do not depend on just one testing method. We utilize more than a dozen testing tools, including WAVE and manual testing processes to determine if compliance levels are met.  In fact, manual testing with actual screen reader software is the most reliable way of determining compliance as automated tools often flag issues that may not

1   necessarily comply with WCAG 2.1, but nonetheless have nothing to do with the
2   accessibility of the website or, more importantly, compliance with the ADA.

3       5.      In preparing this Supplemental Declaration, I used two automated
4   tools, WAVE and Lighthouse and also did a full manual testing using the latest
5   version of JAWS to review the website named in the Complaint,
6   https://trinitascellars.com/.  In addition, as discussed in my first Declaration, I
7   reviewed the First Amended Complaint to try to determine what the plaintiff
8   contended was noncompliant with the ADA, particularly ¶ 25(a)-(c).  I then
9   reviewed the Declaration of Michael Silverman and Exhibit 1 attached thereto in
10  order to help this Court sort through what, if anything, was relevant to the issue of
11  whether there are any features of the Website that are incompatible with SRS *and*
12  that impede a visitor's access to the goods and services of the physical location.

13      6.      First, I note that Mr. Silverman confirmed my findings as set forth in
14  my earlier Declaration, in that he was able to navigate around the site and did not
15  find any so-called "low contrast" issues. *See* Silverman Decl., ¶ 5.

16      7.      Silverman Decl., ¶ 7: As it pertains to this case, the plaintiff is a legally
17  blind person states in both the First Amended Complaint and in his Declaration that
18  he "cannot use a computer without the assistance of SRS.  Mr. Silverman states in
19  his declaration that from his experience users with impaired vision use vision first
20  to understand content then switch to an SRS when eyes become too fatigued.
21  However, Mr. Silverman's "experience" is not relevant here, because the original
22  complaint states Mr. Gomez "cannot use a computer or mobile device without
23  assistance of screen-reader software." Mr. Gomez's Declaration filed in support of
24  his Supplemental Memorandum again states that he "cannot use a computer without
25  the assistance of SRS."  Gomez Decl., ¶ 3.  Since the plaintiff relies entirely on
26  SRS, we know (and Mr. Silverman has previously testified in another *Gomez* case)
27  that all content is audio-based making the contrast levels of text against background

28

irrelevant for this case.   In other words, SRS will read white text on a white background even though it would be invisible to the naked eye.

8.      Silverman Decl., ¶¶ 8-10:  Of the 40 instances where Mr. Silverman states that SRS does not accurately interpret visual imagery, 38 of the instances are referenced from same 3 sources in Exhibit 1 to his declaration: Trinitas Cellars' logo, Facebook and Twitter icons. These 3 sources were counted multiple times as they appear on more than one page. As a practical matter, I believe that it is a good design practice to update those labels to announce the purpose of the linking for these components as an improved user experience.   However, it is plainly not a barrier in the sense that (1) the Facebook and Twitter icons have anything to do with Trinitas Cellars' physical location and (2) the user cannot access the goods and services of the physical location. All relevant imagery allowing access to the goods and services of the physical location are correctly labelled and correctly read aloud by SRS for both mobile and desktop experiences.

9.      Silverman Decl. ¶ 11,12: The Google map embedded on the page is meant to be an *alternate* way of communicating the location of Trinitas Cellars place of business. In addition to the Google map, all displayed addresses link to Google Maps Application which loads in a new browser tab/window allowing user to utilize full functionality of Google Maps to get directions. The Website also provides descriptive text read by SRS as an alternate to the embedded map which is designed to communicate the general location: "We're situated at the southern tip of the Napa Valley at crossroads of Highway 20 and Highway 221, just a few minutes from the celebrated Carneros wine growing region that connects Napa and Sonoma Counties."  Any more detail such as "how many miles to Trinitas Cellars from my current location" is provided by Google Maps mobile application.

10.      To illustrate the functionality to the Court, I prepared the following video showing an SRS user of an iPhone using Voice Over and Voice Control accessing the addresses' general location description as well as the link to Google

Maps Application. A true and correct copy of this video that I prepared is uploaded to YouTube for the Court's convenience at: https://youtu.be/yWsgj-kiWgo

11.     Silverman Decl., ¶¶ 13, 14: Mr. Silverman states upon further investigation he observed that accessibility attributes were absent and/or not implemented correctly thus creating access barriers at many different access points across the site. The majority of existing issues, outside of date picker (see next response), are in fact 3 specific issues related to the Trinitas business logo, Facebook and Twitter descriptive text. Between the initial report and the audit done by Mr. Silverman on May 22nd there were a significant number of ADA related findings resolved as shown in Mr. Silverman's Exhibit 1. Originally, there were 163 "violations" sited in initial report, and now 80 "violations" sited from the May 22nd report. The majority of remaining issues (38) are duplicates being logo, and social media share links which have nothing to do with accessing the winery's goods and services offered at the physical location or do not interfere with access to the site content or services offered by the physical location of the business.

12.     Apart from Mr. Silverman's recommendation for improved accessibility attributes for date picker, company logo, and social icons, the only remaining issue Mr. Silverman noted in Exhibit 1 is related to the "view cart" and "member login" icons. His screenshot as reference can be found on his Exhibit 1, p. 3. This issue appears for users that have not started a shopping session. Once the user begins browsing products on the Website, the icons are replaced with detailed information such as "number of items in cart" and a text link to login. This does not prevent the user from accessing the goods and services offered by the business since the user can still purchase wine and access the cart with SRS.

13.     Again for the Court's convenience, I have prepared a video demonstration of the shopping features using SRS on a desktop to show there is no barrier for a person relying on SRS to purchase goods offered by the business. I true

1  and correct copy of the video that I prepared has been uploaded to YouTube for the

2  Court's convenience at https://youtu.be/CsG49FXfpJQ.

3      14.    Silverman Decl., ¶¶ 15, 16:  Of the 80 issues sited by Mr. Silverman in

4  his Exhibit 1, 39 are related to the date picker on the events page. When the

5  "Events" page initially loads it lists *all* upcoming events displaying in

6  chronological order including the name and location of event. The SRS user can

7  select the name of any event to load a detail page for that event. The SRS

8  announces all the information and allows user to navigate within the events section

9  with keyboard and voice command control as shown in the video demonstration

10 being provided. The calendar feature discussed by Mr. Silverman is merely an

11 *alternative* way to view the list by picking specific date range. Since the user is

12 presented with all available event information, the calendar feature does not restrict

13 access to the event information. All users no matter what level of ability have

14 access to all Trinitas Cellars upcoming events on the website on both mobile

15 devices and desktop browsers.  The calendar feature does not impede access to the

16 goods and services of the physical location, assuming that information about

17 upcoming events fall within the category of "goods and services of the physical

18 location."

19     15.    To illustrate this point, I prepared a video demonstration of an SRS

20 user accessing upcoming events on an iPhone using VoiceOver SRS. All upcoming

21 events appear and are read by screen reader on initial load of page. The SRS user is

22 not restricted to this information. The calendar widget therefore does not present a

23 barrier to the initial access to information for SRS users. Using assistive touch on

24 iPhone I can select from date picker as seen in demonstration. A true and correct

25 copy of the video that I prepared has been uploaded to YouTube at

26 https://youtu.be/Q7xbvLKEkPk.

27     16.    Mr. Gomez, in his declaration, ¶ 11, contends that he could not access

28 all menu items listed under the link to "Wines," "Visit Us" and "Contact Us." As I

1   discussed in my first Declaration, that is false and Mr. Silverman does not identify

2   that as a problem either.  No barriers were detected using SRS for the link to

3   "Wines," "Visit Us" and "Contact Us."

4   17.   As I stated in my earlier Declaration, and is repeated here, I have

5   prepared a video demonstration of my testing of the website using SRS to

6   demonstrate to this Court (1) how SRS works and (2) to show that all aspects of the

7   Trinitas Cellars website that are related to a visitor's access to the goods and

8   services of the winery are fully compatible with SRS. Please note that the SRS

9   demonstration was recorded without interruption and the user in the demonstration

10  skips some content by choice to advance through to specific areas of the web site.

11  The video demonstration of our testing of the website has been uploaded to

12  YouTube for the Court's convenience at https://youtu.be/07YDXZ0Oekk

13  18.   In short, we found no significant barriers in accessing information on

14  the site using mobile or desktop browsers when relying on SRS technologies.

15  Although there is room for improvement with more descriptive labeling on the

16  Trinitas logo, Twitter and Facebook graphics, that is irrelevant to an SRS user

17  accessing the goods and services of the physical location. Further, as discussed

18  above, we found that using assistive touch for mobile, the user relying on SRS and

19  Voice Control can select dates from calendar picker to view events within a specific

20  date range.  The Trinitas Cellars website is a well-designed site with nothing that

21  would impede an SRS user's access to the goods and services of the physical

22  location.

23  I hereby declare under the penalties of perjury under the laws of the State of

24  California that the foregoing is true and correct.  Signed this 9th day of June, 2022 at

25  Greensboro, North Carolina.

*Craig Davis*

26  /s/  *Craig Davis*    -

27  Craig Davis

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on June 9, 2022 or as soon as possible thereafter, copies of the foregoing document were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same.

By: /s/ *Philip H. Stillman*

Attorneys for Defendant