UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRINITAS CELLARS, LLC,<br><br>　　　　Defendant. | Case No. 3:21-cv-09006-WHO<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 39 |

　　In this disability access case, I granted summary judgment to defendant Trinitas Cellars, LLC ("Trinitas") that the website of its winery did not violate the Americans with Disabilities Act ("ADA"). Trinitas now moves for plaintiff Andres Gomez to bear its attorney's fees. Oral argument is unnecessary and the hearing is vacated. *See* Civ. L.R. 7-2(b). The motion is denied: this suit does not fall within the narrow band of cases for which a prevailing civil-rights defendant is entitled to fees.

**BACKGROUND**

　　Gomez is visually impaired and filed this suit against Trinitas alleging that its winery website violated the ADA and California's Unruh Civil Rights Act. *See generally* Order on Motion for Summary Judgment ("MSJ Order") [Dkt. No. 37]. In March 2022, I granted Trinitas's motion to dismiss the claims, finding that the complaint "fail[ed] to adequately plead how the specific barriers deprived Gomez of full and fair enjoyment or denied him equal access to the winery," as required under the law. *See* Order Granting Motion to Dismiss ("MTD Order") [Dkt. No. 21] 5. As I explained, his pleading about the barriers was essentially conclusory. *Id.* 5–6.

　　After Gomez amended his complaint, Trinitas again moved to dismiss. "Because Trinitas submitted an expert report and information about the website, I gave the parties notice that I was

considering converting the motion to dismiss into a motion for summary judgment and gave the parties an opportunity to file supplemental briefs." MSJ Order (citing Dkt. No. 30). I granted summary judgment to Trinitas, finding that the purported ADA barriers that Gomez pointed to were either factually nonexistent or did not amount to a barrier under the law. *See id.* 5–9.

## LEGAL STANDARD

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001). Under the federal civil rights laws, however, "the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. When the defendant prevails, "fees should be granted . . . only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (internal quotation marks and citation omitted). The Ninth Circuit has "repeatedly cautioned that district courts should not engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail." *Id.* (internal quotation marks and citations omitted). An action is "considered frivolous in this Circuit when the result is obvious or the [plaintiff's] arguments . . . are wholly without merit." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

## DISCUSSION

Trinitas moves for an award of $30,327 in attorney's fees and $2,300 in expert witness fees. *See generally* Motion for Attorney's Fees ("Mot.") [Dkt. No. 39]. This Order assumes familiarity with the details of the MTD Order and MSJ Order. For the reasons that follow, Trinitas's motion is denied.

This case does not fall within the narrow and extraordinary category of cases that are entirely frivolous, vexatious, unreasonable, or unfounded. *See Kohler*, 780 F.3d at 1266. To be sure, Gomez ultimately lost and the issues that made it to summary judgment were, on his side, weak. But that alone is insufficient to award fees. *See id.* While each of Gomez's asserted barriers ultimately proved meritless, I found them to be so on narrow, fact-bound grounds. *See*

2

MSJ Order 5–9.  None of them were squarely or inarguably foreclosed by precedent.  Nor were any of the factual allegations so baseless as to warrant fees.

To resist this, Trinitas first argues that precedent squarely foreclosed Gomez's claims.  *See* Mot. 7–8.  Conspicuously, it does not cite any Ninth Circuit authority that squarely addresses the issues in this suit—nor could it, as this is a relatively undeveloped corner of ADA law.  *See id.*  The closest it gets are cases in this district dismissing other claims by Gomez about websites.  *See id.* 2 (citing *Gomez v. Corro*, No. 21-cv-07085-SI, 2022 U.S. Dist. LEXIS 75842, at *6-7 (N.D. Cal. Apr. 26, 2022); *Gomez v. Wunderlich*, No. 22-cv-00355-TSH, 2022 U.S. Dist. LEXIS 105179, at *8-9 (N.D. Cal. June 13, 2022)).  Those cases, though, are non-binding; while a pattern of district court rulings could, in the right circumstances, lead to a finding of frivolity or vexatiousness, this handful does not. Additionally, Trinitas cites them for the principle that "seeking information about a business from its website does not state a claim under the ADA." *Id.*  But that is not the ground on which I granted summary judgment; I did so for much narrower reasons.  *See* MSJ Order 5–9.  In fact, as I have previously explained, Trinitas has the principle wrong: "To the extent that Trinitas's argument is that "[a]llegations that barriers prevented a plaintiff from gaining information (as opposed to impeding the enjoyment of, or access to, a physical location) are not actionable," I reject it as overbroad."  MTD Order 5 (quoting Trinitas's motion to dismiss).

Next, Trinitas labels the complaint "factually frivolous."  Mot. 8–9.  Although this is closer to the mark than its caselaw-based argument, I ultimately conclude that the factual assertions were not frivolous.  To make its argument, Trinitas relies first on my finding that "Gomez's allegations [about the readability of script elements] are factually incorrect: all of these are readable by [screen reader software]."  MSJ Order 8.  Based on this, Trinitas accuses Gomez of making "false" accusations.  Mot. 8.  And it argues that Gomez's reliance on the lack of contrast between text and background was "bizarre" and "provably false."  *Id.* 9.  On the first issue, my finding of factual inaccuracy was not a finding that Gomez was being misleading or purposefully false; instead, it appears that the relevant scripting elements may have once not been readable but now were.  *See* MSJ Order 9 n.6.  Neither party raised this as a merits or justiciability issue, so I

3

did not address it. *Id.* But it at least raises a serious enough doubt about accusations of falsehood to foreclose a finding of frivolity. On the second issue, Gomez's argument about low contrast was not frivolous, I just disagreed with him about whether it was legally actionable. *See id.* 8–9. Neither party cited any other case addressing the precise issue.

Even among the universe of suits by Gomez's counsel (with which courts have frequently perceived serious issues), this case was a weak one. It was based, even in its best light, on arguable technical accessibility violations that did not amount to true barriers. From here on out, Gomez and his counsel are on notice of this. But that said, the grounds on which Trinitas prevailed do not show that Gomez's suit meets the high bar for awarding fees. And Trinitas cannot secure fees based on alternative theories that did not factor into the decision.

## CONCLUSION

The motion for attorney's fees is DENIED.

**IT IS SO ORDERED.**

Dated: August 22, 2022

William H. Orrick
United States District Judge